UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

KIM MICHELLE CABRERA,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 1:20-cv-01947

OPINION & ORDER
[Resolving Docs. 1, 18]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kim Cabrera seeks judicial review of the Social Security Commissioner's final decision denying her application for disability insurance benefits.[1] Magistrate Judge Darrell A. Clay recommends affirming the Commissioner's benefits denial.[2] Plaintiff raises three objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **AFFIRMS** the Commissioner of Social Security's decision.

## I. Background

On August 16, 2018, Plaintiff Cabrera applied for disability insurance benefits due to fibromyalgia, depression, anxiety, PTSD, and obesity.[4]

On September 4, 2019, a Social Security Administrative Law Judge ("ALJ") conducted

[1] Doc. 1.
[2] Doc. 17.
[3] Doc. 18.
[4] Doc. 13 ("Transcript" or "Tr.") at 18, 20, 167.

a hearing.[5]

On September 26, 2019, the ALJ found Plaintiff not disabled under the Social Security Act.[6] The Appeals Council denied her request for review.[7]

On August 31, 2020, Plaintiff Cabrera filed this case seeking review of the Social Security Administration's unfavorable decision.[8]

In her merits brief, Cabrera raised three issues.[9] Plaintiff Cabrera argued that the ALJ did not properly consider all the medical opinion evidence.[10] In addition, Plaintiff argued that the ALJ did not properly evaluate Plaintiff's own testimony about her pain levels.[11] Finally, Plaintiff argued that the ALJ incorrectly concluded that Plaintiff could perform past relevant work as a travel agent and administrative clerk.[12] As part of that third objection, Plaintiff said that the ALJ should have considered Plaintiff's need for a cane.[13]

The Commissioner opposed, arguing that (1) substantial evidence supports the ALJ's impairment severity findings; (2) the ALJ reasonably considered Plaintiff's fibromyalgia; (3) the ALJ reasonably evaluated Plaintiff's obesity in combination with her other impairments; and (4) the ALJ correctly evaluated medical evidence.[14]

The Commissioner also argued that (5) the ALJ correctly concluded that Plaintiff did not show a medical need for a cane; (6) the ALJ correctly evaluated Plaintiff's pain levels;

---

[5] *Id.* at 18.
[6] *Id.* at 15.
[7] *Id.* at 4.
[8] Doc. 1.
[9] Doc. 14.
[10] *Id.* at 8-18.
[11] *Id.* at 18-21.
[12] *Id.* at 21-23.
[13] *Id.* at 22.
[14] Doc. 15 at 6-13.

and (7) substantial evidence supports the ALJ's conclusion that Plaintiff can perform past relevant work.[15]

On December 21, 2021, Magistrate Judge Clay recommended that the Court affirm the Social Security Administration's benefits denial.[16] Magistrate Judge Clay recommended that the ALJ properly evaluated the medical evidence.[17] In addition, Magistrate Judge Clay recommended that the ALJ properly evaluated Plaintiff Cabrera's testimony regarding her pain.[18]

Finally, Magistrate Judge Clay concluded that substantial evidence supports the ALJ's finding that Plaintiff Cabrera did not show medical need for a cane or walker.[19]

On January 4, 2022, Plaintiff objected to Magistrate Judge Clay's report and recommendation ("R&R").[20] Plaintiff offered three objections. The government did not respond to Plaintiff's objections.

## II. Legal Standard

The Federal Magistrates Act requires a district court make a *de novo* review of only those portions of the R&R to which the parties object.[21] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[22]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence

---

[15] *Id.* at 13-19.
[16] Doc. 17.
[17] *Id.* at 16-25.
[18] *Id.* at 25-27.
[19] *Id.* at 27.
[20] Doc. 18.
[21] 28 U.S.C. § 636(b)(1).
[22] *Id.*

and [is] made pursuant to proper legal standards."[23] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[25]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[26] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[27]

To establish disability under the Social Security Act, a plaintiff must show that he cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[28]

## III. Discussion

Plaintiff makes three objections to the Report and Recommendation.[29] First, Plaintiff argued that the ALJ should have concluded that Plaintiff needs a cane or walker to walk.[30] Second, Plaintiff argued that the ALJ did not properly evaluate the medical opinion evidence.[31] Finally, Plaintiff Cabrera argued that the ALJ did not properly explain or support the finding about Plaintiff's ability to work.[32]

---

23 *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
24 *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
25 *Id.*
26 *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
27 *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
28 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
29 Doc. 18.
30 *Id.* at 1-2.
31 *Id.* at 2
32 *Id.* at 2-3.

The Court overrules all three objections. Substantial evidence supports the ALJ's findings about Plaintiff's need for a cane. In addition, the ALJ followed the appropriate legal standards when evaluating the medical evidence. Finally, substantial evidence supports the ALJ's finding about Plaintiff Cabrera's ability to work.

a. Medical Need for a Cane or Walker

In the residual capacity finding, the ALJ did not find that Plaintiff needs a cane or walker to walk.[33] Substantial evidence supports that finding.

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."[34]

The ALJ considered medical evidence noting that the Plaintiff used a cane or walker at medical appointments.[35] The ALJ also considered Plaintiff's testimony that "she used a cane or walker for ambulation depending on the layout of the place she was going."[36] After considering that evidence, the ALJ found that Plaintiff did not submit medical documentation establishing that Plaintiff needs a cane or walker.[37]

Plaintiff points to medical opinions observing that she used a cane or walker at appointments.[38] But the ALJ considered that evidence and explained that a medical

---

[33] Tr. at 31-32.
[34] *White v. Saul*, 1:20-CV-236, 2021 WL 1145463, at *7 (N.D. Ohio Mar. 25, 2021) (quoting Social Security Ruling 96-9p).
[35] Tr. at 31.
[36] *Id.*
[37] *Id.* at 31-32.
[38] Doc. 18 at 1.

observation that Plaintiff was using a cane did not show a medical need for a cane or walker.[39] The doctors observed that plaintiff used a cane or walker at appointments, but the doctors did not state opinions that a cane was medically necessary.

The record does not show medical documentation showing that Plaintiff needs a cane or walker to walk.

### b. Medical Evidence Evaluation

Plaintiff argues that the ALJ did not evaluate medical opinions in light of their consistency and supportability.[40] The Court overrules the objection because the ALJ followed the applicable legal standards for evaluating medical evidence.

In 2017, the Social Security Administration issued a new regulation governing medical evidence evaluation.[41] That regulation applies to Plaintiff Cabrera because she applied for benefits after March 27, 2017.

Under the previous regulation, ALJs gave more treating physician opinions more weight.[42] The new 2017 regulation, however, does not give additional weight to treating source opinions.[43] Instead, ALJs consider a medical opinion's persuasiveness by considering five factors: "supportability, consistency, relationship with the claimant, specialization, and other factors."[44]

According to the regulation, supportability and consistency are the "most important factors."[45] The ALJ must explain supportability and consistency when explaining how she

---

[39] Tr. at 31.
[40] Doc. 18 at 2.
[41] 20 C.F.R. § 404.1520c.
[42] *Gower v. Saul*, 4:19-CV-00058-HBB, 2020 WL 1151069, at *4 (W.D. Ky. Mar. 9, 2020).
[43] *Id.*
[44] *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)-(5)).
[45] 20 C.F.R. § 404.1520c(a).

considered the medical opinions.[46]

Here, the ALJ explained the medical opinions' supportability and consistency. For the state agency physicians, the ALJ noted clinical findings in support and also explained the inconsistencies with Plaintiff's testimony.[47] The ALJ drew on other clinical findings to resolve those inconsistencies.[48] The ALJ followed the same pattern for the state agency psychologists' opinions.[49]

For Plaintiffs' treating providers' opinions, the ALJ explained the clinical findings supporting the opinion and analyzed consistency with the state agency psychologists' opinions.[50]

The ALJ analyzed the medical opinions for supportability and consistency. She also explained those factors for each medical opinion.

c. Plaintiff's Ability to Work

Substantial evidence supports the ALJ's finding about Plaintiff's ability to work.

Plaintiff argues that the ALJ should have explained why the residual capacity finding did not include special supervision or rest periods.[51] Plaintiff's treating physicians opined that Plaintiff would be seriously limited, but not precluded from, completing a regular work schedule without special supervision.[52]

---

[46] *Id.*
[47] Tr. at 32.
[48] *Id.*
[49] *Id.* at 32-33.
[50] *Id.* at 33-34.
[51] *Id.*
[52] Tr. at 644.

An ALJ must explain her reasoning sufficiently to "build an accurate and logical bridge between the evidence and the result."[53]

Here, the ALJ adequately explained the residual capacity finding. The ALJ found that Plaintiff's treating providers' opinions about Plaintiff's limitations were "partly persuasive, except for the part of the opinion that the claimant would be absent from work twice per week."[54] The ALJ explained that the treating providers were restating Plaintiff's self-reported history of work absences when they said she would be absent twice per week.

In support of the residual capacity finding, the ALJ explained: "In order to account for her moderate difficulties with interacting with others and concentration, persistence, and/or maintain pace, she could not work at a production rate pace and she could have frequent interaction with supervisors and coworkers."[55] This limitation reflects Plaintiff's need for rest and for supervision. The ALJ considered the pace limitation and the supervisor limitation.

The ALJ's finding adequately explains the connection between the medical evidence on Plaintiff's limitations and the limitations that the ALJ included in the residual capacity finding.

## IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner of Social Security's decision.

---

[53] *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996)).
[54] Tr. at 33.
[55] *Id.* at 31.

Case: 1:20-cv-01947-JG Doc #: 19 Filed: 03/15/22 9 of 9. PageID #: 943

Case No. 20-cv-01947
Gwin, J.

IT IS SO ORDERED.

Dated: March 15, 2022

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

-9-